**MEMO ENDORSED**

# WALE MOSAKU, P.C.
LAW OFFICES
25 BOND STREET, 3RD FLOOR
BROOKLYN, NEW YORK 11201
_____

(718) 243-0994; Email: wmosaku@juno.com

February 9, 2026

VIA ECF

The Honorable Gary Stein
United States Magistrate Judge
United States District Court
500 Pearl Street, Room 702
New York, New York 10007

Dated: February 18, 2026
New York, New York

Re:    Fernchurch Consulting, L.L.C. v. Bank of America Corporation, et al
       23 Civ. 2379 (GS)

Your Honor:

I represent Fernchurch Consulting, LLC ("Fernchurch").

I write following the virtual conference of Friday February 6, 2026 that was presided over by Your Honor. As Your Honor will recall, said conference was scheduled in order to address Fernchurch's application to quash those parts of the subpoena (specifically items 1-2) that was issued by Felice Levine's ("Levine") counsel, which sought the production of Fernchurch's applicable Chase Bank ("Chase") records, as well as the private Chase records of Michael Odusami, one of Fernchurch's members.

During said conference, which was attended by Brian Lacoff, Esq., the attorney for Chase, Levine's attorney, namely Barry Coburn, Esq., disclosed for the first time that he had received documents from Chase responsive to the Subpoena that he had served upon that entity. It is clear that prior to said disclosure by Mr. Coburn, Mr. Lacoff was not aware of, or privy to said disclosure.

When pressed by Your Honor, Mr. Coburn was vague about the exact nature and/or description of the documents that he had received from Chase, and the Court proceeded with the conference under the assumption (based upon Mr. Coburn's representation) that the documents Mr. Coburn had received were responsive only to items 3-8 of the documents sought by said subpoena (which Fernchurch had not objected to), or that to the extent applicable, any documents produced responsive to items 1-2 of the documents sought by said subpoena had some "overlap" with items 3-8 of the documents sought by said subpoena.

Having reviewed this letter and Ms. Levine's response (Dkt. No. 149), the Court grants Fernchurch's application. As discussed at the February 6, 2025 conference and as reflected in the Court's Order issued after the conference (Dkt. No. 147), Levine is not entitled to the underlying account documents for Mr. Odusami's account(s) at JP Morgan Chase Bank ("Chase") at this time. Accordingly, Ms. Levine and her counsel shall forthwith destroy the documents produced by Chase concerning Mr. Odusami's account(s) and any copies thereof in their possession. Chase must still provide the limited information concerning Mr. Odusami's account(s) as required by the Court's Order.

**SO ORDERED:**

_Gary Stein_

HON. GARY STEIN
UNITED STATES MAGISTRATE JUDGE

Thus, during the above-referenced conference, Your Honor directed Chase to comply with items 3-8 of the subpoena that Mr. Coburn had served upon Chase.

However, Your Honor directed that with respect to items 1-2 of said subpoena, that Chase only provide information as follows: about whether Fernchurch and Mr. Odusami had accounts with Chase within the time frame/period set forth within the Levine subpoena; the number of applicable accounts within the time frame/period set forth within the Levine subpoena; and the time period of applicable accounts held with Chase by Fernchurch and Mr. Odusami.

In addition, Your Honor directed Mr. Coburn to forward the documents that he had received from Chase to my office the same day (02/06/2026). In fact, Mr. Coburn did so early the next morning (Saturday February 7, 2026).

The documents forwarded to my office (as well as to Mr. Lacoff) comprised of a 61 page production, as well as a one page cover letter from Chase dated 01/08/2026; a one page Declaration by a Chase employee; and what appears to be a table of contents.

The documents Bates numbered 1-12 of said production include a bank statement for DPP and Associates LLP for the period 03/15/2022-03/31/2022 (2 pages), as well as what appears to be documents responsive to items 3-8 of the subpoena issued and served by Mr. Coburn.

Unfortunately, the remaining documents Bates numbered 13-61 are comprised of the personal bank records of Mr. Odusami with Chase, including monthly bank statements starting from the period 06/14/2023 through 01/09/2025. These are documents that Your Honor had specifically ruled (as set forth above) are not to be disclosed by Chase. No responsive documents for Fernchurch were included in the above-referenced production by Chase (which is consistent with my prior representation to Your Honor that Fernchurch did not and does not maintain a Chase account).

I have forwarded the entirety of the above-referenced production to Mr. Odusami, and he is understandably outraged and upset that his personal Chase bank records have been disclosed to Levine's counsel, as set forth above.

As I indicated in my letter to Your Honor of 01/08/2026, the Subpoena was served by Mr. Coburn on the date I had informed him I would be proceeding on vacation in what I strongly consider to be an under-handed and unethical manner, thus not giving me the opportunity to object to said subpoena until I returned to the office three weeks later. In my considered opinion, this is what has led to the inadvertent disclosure of Mr. Odusami's personal Chase records to Levine's counsel.

Suffice to say that there is nothing set forth in Mr. Odusami's above-referenced personal Chase records that has any remote relevance to the matter at bar. Indeed, I am not sure how far these tactics by Mr. Coburn will go. At this juncture he could conceivably subpoena anyone's banking records as he continues on this wild goose chase and baseless fishing expedition.

As such, I respectfully request that Your Honor direct Mr. Coburn to destroy the entirety of Mr. Odusami's Chase records in his possession, that were received from Chase pursuant to the subpoena that he had served upon Chase, as set forth above.

I thank the Court for its attention to, and consideration of this matter.

Respectfully submitted,

/s/ Wale Mosaku

Wale Mosaku

cc: (via ECF) – Barry Coburn, Esq.