# WALE MOSAKU, P.C.
LAW OFFICES
25 BOND STREET, 3RD FLOOR
BROOKLYN, NEW YORK 11201

Phone: (718) 243-0994
Email: wmosaku@juno.com and
Wmosaku87@gmail.com

April 1, 2026

VIA ECF

The Honorable Gary Stein
United States Magistrate Judge
United States District Court
500 Pearl Street, Room 702
New York, New York 10007

**MEMO ENDORSED**

Re:    Fernchurch Consulting, L.L.C. v. Bank of America Corporation, et al
       23 Civ. 2379 (GS)

Your Honor:

I represent Fernchurch Consulting, LLC (hereinafter "Fernchurch").

I write on behalf of Fernchurch pursuant to FRCP Rule 45(d)(3)(A)(iii), in order to respectfully request that Your Honor either quash in its entirety a Subpoena for the production of documents dated 03/31/2026[1] (annexed hereto as Exhibit "1"), addressed to Bank of America, NA (hereinafter "BANA"), that was forwarded to my office via email earlier today by counsel for Felice Levine, namely Barry Coburn, Esq.[2] (April 1, 2026), or alternatively, to modify same so as to exclude from any subsequent production by BANA, any documents and/or information that pertains to items "4" through "6" set forth in the *Attachment to Subpoena* that was attached to said subpoena[3].

---

[1] Mr. Coburn waited for almost two (2) months to seek said material, even though he is aware that during a conference presided over by the Court on February 6, 2026, Your Honor set a hard deadline of May 15, 2026 for the close of discovery.

[2] It does not appear that Mr. Coburn has formally served same on BANA. In the email transmitting same, he inquired of counsel for BANA, namely Shan Massand, Esq., whether he (Mr. Massand) will accept same on behalf of BANA, even though transmitted via email with no evidence of an accompanying statutory subpoena witness fee.

[3] To the extent proper service of said subpoena has been effected, BANA is required to produce the material sought by April 13, 2026, less than two weeks from today.

As Your Honor will recall, Levine claims that she is the victim of fraud, and that her loss can be traced to Fernchurch's funds that were maintained in its BANA account[4] (and that have now been deposited with the Court).

Levine is not claiming that her loss can be traced to the personal bank accounts of Fernchurch members, namely Michael Odusami, Patricia Odusami and Olumide Ajayiobe, and thus there is no non frivolous basis for Mr. Coburn, in the matter at bar, to seek access to information and/or documentation pertaining to the personal[5] BANA accounts of said Fernchurch members.

There is no evidence that has been elicited thus far that connects Levine's purported loss to the personal BANA accounts of said Fernchurch members, and no foundation has been laid by Mr. Coburn that would justify him serving a subpoena seeking such information and/or documentation.

As such, as a matter of urgency, I respectfully request that Your Honor either quash the entirety of the said subpoena forthwith, or alternatively, immediately modify same such as to ensure that the personal BANA accounts of said Fernchurch members are not inadvertently disclosed to Levine or her counsel[6].

Fernchurch has no objection to the portions of the above-referenced "*Attachment to Subpoena*" that seek(s) from BANA documentation and/or information set forth in the items numbered "1" through "3", and "7" through "12".

I thank the Court for its attention to, and consideration of this matter.

Respectfully submitted,

/s/ Wale Mosaku

Wale Mosaku

cc: (via ECF) – Barry Coburn, Esq.

The Court has reviewed this letter and the subsequent letters filed on April 2, 2026 and April 7, 2026 (Dkt. Nos. 153, 154 & 155). The motion to quash is **GRANTED** as to Request Nos. 4, 5 & 6 of the subpoena issued to Bank of America, N.A., and is otherwise **DENIED. SO ORDERED**.

Date:   April 10, 2026

Gary Stein
United States Magistate Judge
Southern District of New York

---

[4] Ms. Levine claims said purported fraud was perpetrated upon her through transactions that occurred in March of 2022. However, said subpoena seeks banking records from January 1, 2021 through December 31, 2024. The Fernchurch BANA account was in fact opened in January of 2022 and closed by BANA in December of 2022.

[5] Messrs. Odusami and Ajayiobe inform me that they each maintain(ed) personal BANA account(s). However, Mrs. Odusami did not (and does not) maintain a personal BANA account.

[6] Your Honor had previously ruled (on 02/06/2026) that the portion of a similar subpoena served by Mr. Coburn upon Chase Bank seeking the personal Chase Bank records of Mr. Odusami were not relevant to the current action, and were not to be disclosed to Levine or her counsel (even though said records were subsequently inadvertently disclosed by Chase).

As Your Honor will recall, Levine claims that she is the victim of fraud, and that her loss can be traced to Fernchurch's funds that were maintained in its BANA account[4] (and that have now been deposited with the Court).

Levine is not claiming that her loss can be traced to the personal bank accounts of Fernchurch members, namely Michael Odusami, Patricia Odusami and Olumide Ajayiobe, and thus there is no non frivolous basis for Mr. Coburn, in the matter at bar, to seek access to information and/or documentation pertaining to the <u>personal</u>[5] BANA accounts of said Fernchurch members.

There is no evidence that has been elicited thus far that connects Levine's purported loss to the <u>personal</u> BANA accounts of said Fernchurch members, and no foundation has been laid by Mr. Coburn that would justify him serving a subpoena seeking such information and/or documentation.

As such, as a matter of urgency, I respectfully request that Your Honor either quash the entirety of the said subpoena forthwith, or alternatively, immediately modify same such as to ensure that the <u>personal</u> BANA accounts of said Fernchurch members are not inadvertently disclosed to Levine or her counsel[6].

Fernchurch has no objection to the portions of the above-referenced "*Attachment to Subpoena*" that seek(s) from BANA documentation and/or information set forth in the items numbered "1" through "3", and "7" through "12".

I thank the Court for its attention to, and consideration of this matter.

Respectfully submitted,

/s/ Wale Mosaku

Wale Mosaku

cc: (via ECF) – Barry Coburn, Esq.

The Court has reviewed this letter and the subsequent letters filed on April 2, 2026 and April 7, 2026 (Dkt. Nos. 153, 154 & 155). The motion to quash is **GRANTED** as to Request Nos. 4, 5 & 6 of the subpoena issued to Bank of America, N.A., and is otherwise **DENIED**.  **SO ORDERED**.

Date:   April 10, 2026

Gary Stein
United States Magistate Judge
Southern District of New York

---

[4] Ms. Levine claims said purported fraud was perpetrated upon her through transactions that occurred in <u>March of 2022</u>. However, said subpoena seeks banking records from <u>January 1, 2021</u> through <u>December 31, 2024</u>. The Fernchurch BANA account was in fact opened in <u>January of 2022</u> and closed by BANA in <u>December of 2022</u>.

[5] Messrs. Odusami and Ajayiobe inform me that they each maintain(ed) personal BANA account(s). However, Mrs. Odusami did not (and does not) maintain a personal BANA account.

[6] Your Honor had previously ruled (on 02/06/2026) that the portion of a similar subpoena served by Mr. Coburn upon Chase Bank seeking the personal Chase Bank records of Mr. Odusami were not relevant to the current action, and were not to be disclosed to Levine or her counsel (even though said records were subsequently inadvertently disclosed by Chase).

As Your Honor will recall, Levine claims that she is the victim of fraud, and that her loss can be traced to Fernchurch's funds that were maintained in its BANA account[4] (and that have now been deposited with the Court).

Levine is not claiming that her loss can be traced to the personal bank accounts of Fernchurch members, namely Michael Odusami, Patricia Odusami and Olumide Ajayiobe, and thus there is no non frivolous basis for Mr. Coburn, in the matter at bar, to seek access to information and/or documentation pertaining to the personal[5] BANA accounts of said Fernchurch members.

There is no evidence that has been elicited thus far that connects Levine's purported loss to the personal BANA accounts of said Fernchurch members, and no foundation has been laid by Mr. Coburn that would justify him serving a subpoena seeking such information and/or documentation.

As such, as a matter of urgency, I respectfully request that Your Honor either quash the entirety of the said subpoena forthwith, or alternatively, immediately modify same such as to ensure that the personal BANA accounts of said Fernchurch members are not inadvertently disclosed to Levine or her counsel[6].

Fernchurch has no objection to the portions of the above-referenced "*Attachment to Subpoena*" that seek(s) from BANA documentation and/or information set forth in the items numbered "1" through "3", and "7" through "12".

I thank the Court for its attention to, and consideration of this matter.

Respectfully submitted,

/s/ Wale Mosaku

Wale Mosaku

cc: (via ECF) – Barry Coburn, Esq.

The Court has reviewed this letter and the subsequent letters filed on April 2, 2026 and April 7, 2026 (Dkt. Nos. 153, 154 & 155). The motion to quash is **GRANTED** as to Request Nos. 4, 5 & 6 of the subpoena issued to Bank of America, N.A., and is otherwise **DENIED**.  **SO ORDERED**.

Date:   April 10, 2026

Gary Stein
United States Magistate Judge
Southern District of New York

---

[4] Ms. Levine claims said purported fraud was perpetrated upon her through transactions that occurred in March of 2022. However, said subpoena seeks banking records from January 1, 2021 through December 31, 2024. The Fernchurch BANA account was in fact opened in January of 2022 and closed by BANA in December of 2022.

[5] Messrs. Odusami and Ajayiobe inform me that they each maintain(ed) personal BANA account(s). However, Mrs. Odusami did not (and does not) maintain a personal BANA account.

[6] Your Honor had previously ruled (on 02/06/2026) that the portion of a similar subpoena served by Mr. Coburn upon Chase Bank seeking the personal Chase Bank records of Mr. Odusami were not relevant to the current action, and were not to be disclosed to Levine or her counsel (even though said records were subsequently inadvertently disclosed by Chase).

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

|  |  |
|---|---|
| _____ <br> *Plaintiff* <br> v. <br> _____ <br> *Defendant* | ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Civil Action No. _____

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:

_____
*(Name of person to whom this subpoena is directed)*

❒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
|  |  |

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____        _____
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT TO SUBPOENA**

1.  Any and all documents relating Bank of America, N.A. (hereinafter "BANA") account numbered "4830 8217 7989" including but not limited to detailed account statements and account opening and/or closing documents or signature cards, from January 1, 2021 through December 31, 2024.

2.  Any and all documents relating in any way to funds ($182,561.19), that were deposited in the Disputed Ownership Fund (hereinafter "DOF") of the Court Registry Investment System (hereinafter "CRIS") (Receipt # NYSCCA25-MAN000039519) by BANA in May 2025.

3.  Any and all documents relating to any account maintained at BANA by Fernchurch Consulting LLC, including but not limited to detailed account statements and account opening and/or closing documents or signature cards, from January 1, 2021 through December 31, 2024.

4.  Any and all documents relating to any account maintained at BANA by Michael Odusami, including but not limited to detailed account statements and account opening and/or closing documents or signature cards, from January 1, 2021 through December 31, 2024.

5.  Any and all documents relating to any account maintained at BANA by Patricia Odusami, including but not limited to detailed account statements and account opening and/or closing documents or signature cards, from January 1, 2021 through December 31, 2024.

6.  Any and all documents relating to any account maintained at BANA by Olumide Martin Ajayiobe or Olumide Martin Ajaiobe, including but not limited to detailed account statements and account opening and/or closing documents or signature cards, from January 1, 2021 through December 31, 2024.

7.  Any and all documents relating to any account maintained at BANA by Mike Okocha including but not limited to detailed account statements and account opening and/or closing documents or signature cards, from January 1, 2021 through December 31, 2024.

8.  Any and all documents relating to any account maintained at BANA by Chukwufunnanya Okocha including but not limited to detailed account statements and account opening and/or closing documents or signature cards, from January 1, 2021 through December 31, 2024.

1

9. Any and all documents relating to the deposit of the check below (hereinafter "Check No. 5275") including but not limited to documents relating to when it was deposited, where, by whom, and whether it was in person or otherwise.



10. Any and all documents, including but not limited to photos and videos, relating to Check 5275.

11. Any and all documents relating to the deposit of the check below (hereinafter "Check No. 5291") including but not limited to documents relating to when it was deposited, where, by whom, and whether it was in person or otherwise.

12. Any and all documents, including but not limited to photos and videos, relating to Check 5291.